IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AUBREY GRAY EL BEY,                    §
                                       §
                Plaintiff,             §
                                       §
V.                                     §          No. 3:19-cv-1902-L-BN
                                       §
NATIONSTAR, ET AL.,                    §
                                       §
                Defendants.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Aubrey Gray El Bey brings this *pro se* action seeking equitable relief
and $270 million in damages. *See* Dkt. No. 3. His action has been referred to the
undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and
a standing order of reference from United States District Judge Sam A. Lindsay.

On August 20, 2019, the Court ordered Plaintiff to file no later than September
20, 2019 a written response to show the Court that it has subject matter jurisdiction
over this lawsuit. *See* Dkt. No. 7. He filed a timely response. *See* Dkt. No. 8.

The undersigned now enters these findings of fact, conclusions of law, and
recommendation that the Court should dismiss this action without prejudice for lack
of subject matter jurisdiction.

**Applicable Background, Legal Standards, and Analysis**

Federal courts have an independent duty to examine their own subject matter
jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999),
particularly where – as is the case here – a plaintiff's complaint fails to make it

apparent that subject matter jurisdiction exists.

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Plaintiff chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323

(5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Plaintiff's complaint does not raise a federal question. *See generally* Dkt. No. 3. And he specifically invokes the Court's diversity jurisdiction. *See id.* at 2 (requesting damages in excess of the amount in controversy and alleging that the defendants are domiciled in Texas, while he, as "a Moorish American National," "[d]omiciled in the TEXAS REPUBLIC in excess of one year," "is foreign to the UNITED STATES").

"For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); quoting *id.* at 250); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("*Preston I*") ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively

alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)); *see also Bain Consulting, LLC v. Gillman*, No. 3:12-cv-4483-B, 2013 WL 12126275, at *2 (N.D. Tex. May 14, 2013) (Even where a defendant's domicile has been placed in question, "the burden remains on the plaintiff as the party invoking jurisdiction to prove the defendant's citizenship." (citing *Coury*, 85 F.3d at 250)).

While "[e]vidence of a person's place of residence" serves as "prima facie proof of his domicile," *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) (citing *Preston I*, 485 F.3d at 799),

> [i]n determining a party's domicile, the Court must address a variety of factors including the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has drivers and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family,

*Dulfer v. Seton Healthcare, Inc.*, No. A-11-CV-911-LY, 2012 WL 6212833, at *2 (W.D. Tex. Dec. 13, 2012) (citing *Coury*, 85 F.3d at 251), *rec. accepted*, No. A-11-CV-911-LY, Dkt. No. 27 (W.D. Tex. Jan. 29, 2013).

The record here reflects that Plaintiff's place of residence is Texas. Indeed, this suit appears to concern his residence in Desoto, Texas. *See generally* Dkt. No. 3. And his "purported status as a ... 'Moorish-American' does not create diversity jurisdiction where all parties are domiciled in the same state." *Abdul Hakim Bey v. U.S.*

-4-

*Legislature*, No. 17-CV-7569 (CM), 2017 WL 6611052, at \*2 (S.D.N.Y. Oct. 25, 2017) (citing *Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013); *Sanders-Bey v. United States*, Nos. 07-2204, 07-3891, 2008 WL 506328, at \*2 (7th Cir. Feb. 25, 2008)); *see also Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at \*6 (D. Neb. June 13, 2019) ("Knight does not purport to invoke the court's 'diversity of citizenship' jurisdiction, under 28 U.S.C. § 1332, nor could she legitimately do so based on her alleged status as 'a citizen of the Moorish National Republic Federal Government, Northwest Africa.'" (citations omitted)).

In Plaintiff's response to the show cause order, he retreats from an assertion of diversity jurisdiction and instead insists that there is federal question jurisdiction under a variety of federal statutes, including "the Arbitration Act" and the "Fair Debt Collection Practices Act." Dkt. No. 8. But he fails to explain how any federal statute has been violated based on the facts alleged in his complaint, *see Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)) – or through further factual allegations (if any) asserted in the show-cause response, *cf. Crisco v. Lockheed Martin Corp.*, No. 4:10-cv-418-A, 2010 WL 3119170, at \*2 n.2 (N.D. Tex. Aug. 4, 2010) ("Rule 8 requires that a statement of the court's jurisdiction be included in a 'pleading,' and plaintiff's response to defendant's motion

is not a pleading." (citation omitted)).

The Court should therefore dismiss this action without prejudice for lack of subject matter jurisdiction.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE